UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF KENTUCKY

SOUTHERN DIVISION

| | | |
|---|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. _____ |
| MANALAPAN MINING CO., INC.; LEFT FORK MINING CO., INC.; BENJAMIN BENNETT; GEORGE BENNETT; and DAVID PARTIN, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR A PRELIMINARY INJUNCTION**

This action for a preliminary injunction is brought pursuant to the Federal Mine Safety and Health Act of 1977, 30 U.S.C. § 801, *at. seq.*, (hereinafter referred to as the "Act"), which authorizes injunctive relief in § 108, 30 U.S.C. § 818. Congress declared in stating the purpose of the Act that:

> (a) the first priority and concern of all in the coal or other mining industry must be the health and safety of its most precious resource--the miner;
>
> (b) deaths and serious injuries from unsafe and unhealthful conditions and practices in the coal or other mines cause grief and suffering to the miners and to their families;
>
> (c) there is an urgent need to provide more effective means and measures for improving the working conditions and practices in the Nation's coal or other mines in order to prevent death and serious physical harm, and in order to prevent occupational diseases originating in such mines; and

> (d) the existence of unsafe and unhealthful conditions and practices in the Nation's coal or other mines is a serious impediment to the future growth of the coal or other mining industry and cannot be tolerated;…

30 U.S.C. § 802 (a)-(d).

This proceeding arises out of the Defendants' advance notice of the inspection of the working sections of the Manalapan Mining Co., Inc. RB #12 mine located at 8174 E Highway 72, Pathfork, Harlan County Kentucky 40863 and the Left Fork Mining Co., Inc. Straight Creek #1 mine located at Box 405, Arjay, Bell County, Kentucky. Defendants and their agents interfered with, hindered, and delayed the Secretary of Labor's authorized representatives in carrying out the provisions of the Act at said mines.

This Act, together with the standards developed and promulgated pursuant to it, was enacted by congress to protect life, promote health and safety, and prevent accidents in mines which are subject to it[1]. Congress intended to make maximum use of its powers under the Commerce Clause to reduce the accidents and disease in all mines which it declared impeded and burdened commerce[2].

In order to promote safety, this Act provides Federal inspectors with the statutory right of entry in § 103(a) of the Act, 30 U.S.C. § 183(a), which provides in pertinent part as follows:

> Authorized representatives of the Secretary shall make frequent inspections and investigations in coal or other mines each year for the purpose of (1) [determining] the cause of accidents . . ., (3) determining whether an imminent danger exists, and (4) determining whether there is compliance with the mandatory

---

[1] "Each coal or other mine, the products of which enter commerce, or the operations or products of which affect commerce, and each operator of such mine, and every miner in such mine shall be subject to the provisions of this Act." 30 U.S.C. § 803, § 4 of the Act. See also <u>Marshall v. Kilgore</u>, 1 MSHC 2185 (E.D. Tenn. 1979) (copy attached)

[2] "[T]he disruption of production and the loss of income to operators and miners as a result of coal or other mine accidents or occupationally caused diseases unduly impedes and burdens commerce." 30 U.S.C. § 801(f), § 2(f) of the Act.

2


> health or safety standards or with any citation, order, or decision issued under this title or other requirements of this Act. In carrying out the requirements of this subsection, no advance notice of an inspection shall be provided to any person . . . For the purpose of making any inspection or investigation under this Act, the Secretary or any authorized representative of the Secretary. . shall have a right of entry to, upon, or through any coal or other mine.

On April 19, 2010, authorized representatives of the Secretary of Labor attempted to inspect defendants' RB No. 12 and Straight Creek No. 1 mine pursuant to § 103(a) of the Act, 30 U.S.C. § 813(a). Defendants interfered with, hindered, and delayed these authorized representatives in carrying out their duties under the Act by the giving of advance notice of the inspections to persons working underground.

Advance notice has been defined by the Federal Mine Safety and Health Review Commission to include calling from the mine office underground located on the surface to the workings to inform miners that inspectors were present on mine property. Secretary v. Tooper Coal Co., Inc., 1998 WL 210949 (FMSHRC April 1998) (attached). In the Topper Coal case, inspectors went to the mine to conduct a spot saturation inspection to search for smoking materials. The inspectors arrived mid-shift so that they would not be observed by the miners. At the mine office, the inspector told the company president that they were there to conduct an inspection and instructed him not to call underground to alert the miners that they were coming. Inspectors went underground while one inspector remained on the surface at the mine office to monitor the telephone. About 15-20 minutes after the inspectors entered the mine, the president called the working section and told a miner that two federal inspectors were in the mine and that he wanted the miners to watch out and be careful. The Commission held that the act of calling underground was clearly sufficient to establish that advance notice was given in violation of the Act (Chevron USA v. Natural Resources Defense Council, 467 U.S. 837 (1984)).

3

This action is founded on § 108 of the Act, 30 U.S.C. § 818, which provides in pertinent part as follows:

> The Secretary may institute a civil action for relief, including a permanent or temporary injunction, restraining order, or any other appropriate order in the district court of the United States for the district in which a coal or other mine is located or in which the operator of such mine has his principal office, whenever such operator or his agent——
>
> (A)   violates or fails or refuses to comply with any order or decision issued under this Act,
>
> (B)   interferes with, hinders, or delays the Secretary or his authorized representative in carrying out the provisions of this Act,
>
> (C)   refuses to admit such representatives to the coal or other mine,
>
> (D)   refuses to permit the inspection of the coal or other mine,
>
> (E)   refuses to furnish any information or report requested by the Secretary . . . in furtherance of the provisions of this Act,

The injunctive relief prayed for is necessary to permit inspection of defendants' mines without advance notice to miners working on the section, so that a determination can be made whether or not the health and safety standards contained in the Act and regulations issued pursuant to the Act are being complied with, and to determine whether or not imminent dangers threatening to the health and safety of miners exist.

The Court must weigh four factors in assessing the appropriateness of a preliminary injunction:

1. Whether the Secretary of Labor has shown a strong or substantial likelihood or probability of success on the merits;

4

2. Whether the issuance of an injunction will spare the Secretary of Labor or those she protects from suffering irreparable injury;

3. Whether the issuance of a preliminary injunction would cause substantial harm to Defendants or others; and

4. Whether the public interest would be served by issuing a preliminary injunction.  Mason County Medical Ass'n v. Knebel, 563 F.2d 256, 261 (6th Cir. 1977). See also, e.g., Frisch's Restaurant, Inc. v. Shoney's Inc., 759 F.2d 1261, 1263 (6th Cir. 1985); In re DeLorean Motor Co., 755 F.2d 1223, 1228 (6th Cir. 1985); Martin-Marietta Corp. v. Bendix Corp., 690 F.2d 558, 564-65 (6th Cir. 1982); USACO Coal Co. v. Carbomin Energy Inc., 689 F.2d 94, 98 (6th Cir. 1982); and Mobil Corp. v. Marathon Oil Co., 669 F.2d 366, 368 (6th Cir. 1981).  These factors are not a rigid test but are to be weighed in considering issuance of a preliminary injunction. Friendship Materials Inc. v. Michigan Brick, Inc., 679 F.2d 100, 102 (6th Cir. 1982).

The Secretary of Labor has a strong likelihood of success on the merits of this action.  It is clear that Defendants acting in concert and separately gave notice, in violation of the Federal Mine Safety and Health Act of 1977, and over the direct orders of the inspection party, that inspectors from the Federal Mine Safety and Health Administration were present on the surface of these mines.  This notice gave defendants' employees who were present underground time to correct violations.  The continued notice to mine management of impending inspections serves no purpose in this instance except to allow those working underground time to conceal dangerous conditions or practices.  If Federal Mine Safety and Health Administration inspectors cannot observe mining as practices as they take place without advance notice, the inspectors will never be able to cite and correct unsafe practices that occur on a daily basis when they are not

present in the mines. Congress recognized this problem and thus prohibited the giving of advance notice of impending inspections.

The Secretary of Labor and those she seeks to protect will suffer irreparable harm without the issuance of the preliminary injunctive relief. In Section 2 of the Federal Mine Safety and Health Act of 1977 Congress declared:

> (a) the first priority and concern of all in the coal or other mining industry must be the health and safety of its most precious resource--the miner;
>
> (b) deaths and serious injuries from unsafe and unhealthful conditions and practices in the coal or other mines cause grief and suffering to the miners and to their families;
>
> (c) there is an urgent need to provide more effective means and measures for improving the working conditions and practices in the Nation's coal or other mines in order to prevent death and serious physical harm, and in order to prevent occupational diseases originating in such mines;
>
> (d) the existence of unsafe and unhealthful conditions and practices in the Nation's coal or other mines is a serious impediment to the future growth of the coal or other mining industry and cannot be tolerated;
>
> (e) the operators of such mines with the assistance of the miners have the primary responsibility to prevent the existence of such conditions and practices in such mines; [and]
>
> (f) the disruption of production and the loss of income to operators and miners as a result of coal or other mine accidents or occupationally caused diseases unduly impedes and burdens commerce;…. 30 USC § 802.

The Federal Mine Safety and Health Administration is charged with ensuring the health and safety of all miners and preventing the coal or other mine accidents which unduly impede and burden commerce. MSHA must inspect the underground portion of these mines

6

without advance notice to those working there. The giving of advance notice prevents the discovery of all unsafe and unhealthful conditions and practices in these mines.

Defendants will suffer no harm in the entry of an injunction. Plaintiff seeks to ensure that Defendant obeys the law as it is written and nothing more. Defendants control the mine phone communications between the surface and underground workings. When Defendants are given instruction to prevent advance notice of the inspection, they have a duty to comply and assure that no person gives notice by means of statement or other signaling device. Every mine operator in the United States has the same duty to prevent this advance notice.

The public interest is most assuredly served by the granting of this injunction. Safety in mining not only benefits the miners who work underground but also, as stated in the Congressional declaration, allows for the uninterrupted flow of commerce. In this instance, coal is the product sold by these operators. According to Congress, the production of coal is essential to the well-being of the economy. Most important is the public interest in seeing that the "most precious resource" the miner is protected from harm while performing his or her job in the nation's coal mines. This public interest cannot be outweighed by any company interest in this case.

## CONCLUSION

The Secretary is entitled to a preliminary injunction prohibiting Manalapan Mining Company, Inc., its subsidiary Left Fork Mining Company Inc., George Bennett, Benjamin Bennett, David Partin and the defendants' employees, agents, assigns, subcontractors, and all working in concert with them from giving advance notice of impending inspections under

the Federal Mine Safety and Health Act of 1977, including any notice from the surface to underground employees.

                                                           Respectfully submitted,

                                                           M. PATRICIA SMITH
                                                           Solicitor of Labor

                                                           STANLEY E. KEEN
                                                           Regional Solicitor

POST OFFICE ADDRESS:                 THERESA BALL
                                                           Associate Regional Solicitor

Office of the Solicitor
U. S. Department of Labor
618 Church Street                                   /s/  Mary Sue Taylor
Suite 230                                                   MARY SUE TAYLOR
Nashville, Tennessee 37215-2862         Attorney

Phone:  (615) 781-5330 ext. 225          U. S. Department of Labor
Fax: (615) 781-5321                           Attorneys for the Secretary
E-mail: nash.fedcourt@dol.gov
          Taylor.Mary@dol.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on 27<u>th</u> of April, 2010, a copy of the forgoing Plaintiff's Memorandum in Support of Plaintiff's Motion for a Preliminary Injunction was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/Mary Sue Taylor\_\_\_
MARY SUE TAYLOR

U. S. Department of Labor
Office of the Solicitor
618 Church Street, Suite 230
Nashville, Tennessee 37219-2440
615/781-5330 ext. 225